**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Talon Britton, | No. CV-22-00636-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff, who is proceeding *pro se* and has paid the filing fee, filed a complaint on April 18, 2022. (Doc. 1.)

The Court is obligated to determine *sua sponte* whether it has subject-matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting jurisdiction bears the burden of proving its existence. *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008).

Here, the complaint alleges "[t]his Court has jurisdiction over this matter pursuant to Property Damage §§ ARS 13-1602." (Doc. 1 at 1.) The Court construes this reference to A.R.S. § 13-1602 as an indication that Plaintiff only seeks to assert a state-law claim for property damage. This understanding is consistent with the allegations elsewhere in the complaint, which concern "damages occurring to the structure of [Plaintiff's] car and home" and "[a]dverse working conditions." (*Id.* at 1-2.) Although there is a reference in

the "Demand" section of the complaint to "[t]he Fifth and Fourteenth Amendment of the U.S.C." (Doc. 1 at 2), it is not clear—to put it mildly—that Plaintiff is asserting a claim under 42 U.S.C. § 1983. *Woods v. City of Scottsdale*, 2013 WL 614421, *4 (D. Ariz. 2013) ("While the United States Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants, it is not enough to simply mention a clause in the Constitution.") (citation omitted).

Because Plaintiff does not state that he is seeking to invoke federal-question jurisdiction under 28 U.S.C. § 1331, he must properly allege that diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff bears this burden by a preponderance of the evidence. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *see also McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992). Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Here, although the amount in controversy requirement is satisfied—the complaint states that Plaintiff is seeking $200 million in damages—the complaint is deficient because it fails to affirmatively set forth the facts necessary to determine the parties' citizenship. In the caption of the complaint, Plaintiff identifies the defendants as the State of Arizona, the City of Phoenix, and various private entities. (Doc. 1.) In the body of the complaint, however, Plaintiff generally alleges in six consecutive sentences that "[t]he defendant" is a "resident" of either Arizona, California, or Texas. (*Id.* at 1.) This, without more, is insufficient to determine the citizenship of each defendant. *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) ("[I]t has long been settled that residence and citizenship were wholly different things . . . and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction."). Additionally, Plaintiff states that he is a "resident" of Arizona. (*Id.*) This

allegation is again insufficient to establish Plaintiff's citizenship. Moreover, to the extent Plaintiff was intending to allege that both he and at least one of the defendants are citizens (and not just residents) of Arizona, there would not be complete diversity. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's complaint (Doc. 1) is dismissed for lack of subject-matter jurisdiction with leave to file an amended complaint by **May 25, 2022**.

(2) If Plaintiff elects not to file an amended complaint by May 25, 2022, the Clerk is directed to dismiss this action without further order of the Court.

Dated this 29th day of April, 2022.

Dominic W. Lanza
United States District Judge