**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Talon Britton,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Defendants. | No. CV-22-00636-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the Second Amended Complaint ("SAC"). (Doc. 6.) For the following reasons, the SAC is dismissed with leave to amend.

## BACKGROUND

On April 18, 2022, pro se Plaintiff David Talon Britton initiated this action by filing a complaint (Doc. 1) that named the State of Arizona, the City of Phoenix, AmeriHome Mortgage NMLS ID 135776, "State of Arizona/A.D.O.H.," "Nationstar DBA Mr. Cooper," and "Lakeview" as Defendants. The complaint was largely composed of incoherent sentence fragments, making it difficult to ascertain the meaning of the allegations or which allegations pertained to which parties. At any rate, the Court concluded that Britton's sole claim was for property damage under state law and dismissed the complaint for lack of subject matter jurisdiction, with leave to file an amended complaint by May 25, 2022. (Doc. 4.)

On May 11, 2022, Britton filed a first amended complaint ("FAC"). (Doc. 5.) The FAC does not include any comprehensible allegations.

On June 23, 2022, Britton filed the SAC. In the SAC, Britton is no longer listed as a plaintiff. Instead, two limited liability companies are listed as plaintiffs—"David Talon Britton L.L.C." and "Southern Affiliation Films L.L.C.," followed by "% David Britton Sole MBR," which seems to indicate that Britton is the sole member of one or both of these LLCs. The SAC alleges that the film "The Blindside"—likely referencing the 2009 Sandra Bullock film "The Blind Side"—infringed upon a screenplay Plaintiff wrote in December 2007, thereby violating federal copyright law. The SAC names five Defendants—(1) Arizona Department of Housing, (2) Arizona Housing Assistance Fund, (3) Housing Assistance Fund Arizona, (4) State of Arizona Legislature, and (5) "Warner Bros. Pictures/Warner Bros. Discovery/Warner Bros. Entertainment Inc." ("Warner Bros.").

**DISCUSSION**

As a preliminary matter, the filing of the SAC violated LRCiv 15.1. Nevertheless, for the sake of efficiency, the Court will accept the SAC as the operative complaint. No additional amended complaints may be filed without the written consent of the opposing parties or leave of the Court.

Britton does not appear to be an attorney, and therefore he cannot represent the plaintiff LLCs in any capacity in this Court. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (non-attorney members of a partnership cannot appear on behalf of the partnership). All "motions and pleadings must be filed by counsel." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). For that reason, the SAC must be dismissed. For the LLCs to continue as plaintiffs, they must retain counsel. Britton can represent himself only.

Furthermore, of the five named Defendants in the SAC, the allegations seem to pertain only to Warner Bros. There are no comprehensible allegations indicating how or why the other four Defendants are liable. Moreover, the other four Defendants likely possess immunity from suit. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir.

2010) (internal quotation marks omitted). "The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Id.* (citing *Papsan v. Allain*, 478 U.S. 265, 276 (1986)).

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

The third amended complaint ("TAC") must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Britton is advised that the TAC must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the TAC shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). The TAC should "answer the basic questions: who, did what, to whom (or with whom), where, and when?" *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

Britton is advised that if the TAC fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the TAC is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*,

866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Britton is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 3 at 7.)

Accordingly,

**IT IS ORDERED** that the SAC (Doc. 6) is **dismissed** with leave to file a third amended complaint by **July 29, 2022**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a third amended complaint by **July 29, 2022**, the Clerk of Court shall terminate the action.

Dated this 29th day of June, 2022.

Dominic W. Lanza
United States District Judge

- 4 -